**NEWCO LIMITED, Plaintiff,**

v.

**The GOVERNMENT OF BELIZE, Defendant.**

**Civil Action No. 08–2010 (RJL)**

United States District Court, District of Columbia.

Signed 08/07/2015

Geraldine R.S. Mataka, Robert Wray, PLLC, Ryan Edward Bull, Vernon Anthony Andrew Cassin, III, Washington, DC, Jay Louis Alexander, Baker Botts LLP, London, United Kingdom, for Plaintiff.

Creighton R. Magid, Dorsey & Whitney LLP, Washington, DC, Juan C. Basombrio, Dorsey & Whitney LLP, Costa Mesa, CA, for Defendant.

## MEMORANDUM ORDER

RICHARD J. LEON, United States District Judge

Plaintiff Newco Limited ("Newco" or "plaintiff") brought this action pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 201 *et seq.*, and the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), 21 U.S.T. 2517, to confirm an arbitral award made in favor of Newco against defendant Government of Belize ("GOB" or "defendant"), arising out of an agreement whereby Newco

agreed to operate and make capital improvements to an international airport in Belize. *See generally* Complaint [Dkt. # 1] ("Complaint" or "Compl."). Currently before the Court is Newco's motion to confirm foreign arbitration award and to enter judgment. *See* Pl.'s Mot. to Confirm Foreign Arbitration Award and to Enter Judgment [Dkt. # 43] ("Motion" or "Mot."). Upon due consideration of the pleadings, the relevant law, and the entire record herein, plaintiff's motion is GRANTED, and judgment shall be entered in favor of Newco.

The arbitration at issue arose from a 30–year concession agreement entitling Newco to operate and undertake substantial capital improvements to the only international airport in Belize. *See* Compl. at Ex. 1 ("Concession Agreement"). The Concession Agreement included a dispute resolution clause providing for arbitration of any controversy under the Concession Agreement under the UNCITRAL Arbitration Rules in Miami, Florida. *Id.* at Art. XXIX. Eleven months after the parties signed the Concession Agreement, the GOB terminated it without cause. Newco demanded arbitration in accordance with the Concession Agreement, and an arbitral tribunal issued a unanimous final award in favor of Newco and against the GOB. *See* Compl. at Ex. A (the "Award"). The tribunal concluded that the GOB had breached its obligations under the Concession Agreement, and awarded Newco $4,259,832.81, plus its cost of arbitration, plus interest of 8% per annum, compounded quarterly, for the period from the date of the Award to the date of payment. *Id.* ¶¶ 190–91, 194–96.[1] To date, the GOB has not complied with the Award.

Almost immediately after Newco commenced this action to confirm the Award, the GOB responded by initiating a lawsuit against Newco in Belize requesting a worldwide anti-suit injunction against Newco and declarations that the Award was deficient in various ways. *See* Mot. at 5–6. The Belizean Supreme Court (the first instance court in Belize) entered the worldwide anti-suit injunction, and the GOB then moved to stay or dismiss this action. *See* Motion to Dismiss the Complaint or Stay the Action [Dkt. # 14]. On June 30, 2009, I granted the GOB's motion in part, granting the stay in this action pending resolution of the proceedings in the Belizean Supreme Court. *See* Minute Order, entered June 30, 2009.

On August 28, 2013, the Belizean Supreme Court issued its final opinion. *See* Dkt. # 43–3] ("Belize Opinion"). The court found that Newco's claim for an enforcement order was "well founded," and rejected certain of the GOB's arguments, including the argument that Belize was not a party to the New York Convention. *Id.* 24–25.

An arbitration award falls under the New York Convention if (i) the award arises from a commercial legal relationship between the parties; (ii) there was a written agreement to arbitrate disputes arising from that relationship; (iii) the agreement provided for arbitration proceedings to take place in a signatory country to the New York Convention; and (iv) at least one of the parties is not an American citizen. *See* 9 U.S.C. § 202; *Invista N. Am. S.A.R.L. v. Rhodia Polyamide Intermediates S.A.S.*, 503 F.Supp.2d 195, 201 (D.D.C.2007). The Award in this case meets all of these criteria: It is based on a

---

1. The GOB then had a three-month opportunity to seek to vacate, modify, or correct the Award by filing a motion in the district where the award was rendered, which was Miami.

9 U.S.C. §§ 9–10. The GOB did not seek to vacate, modify, or correct the Award within this three-month period.

commercial legal relationship to provide services, the Concession Agreement contained a written provision that disputes would be resolved by arbitration, the dispute resolution provision called for arbitration to take place in the United States, which is a signatory to the New York Convention, and neither of the parties is an American citizen. Thus, the Court has subject matter jurisdiction to confirm the Award under 9 U.S.C. § 203.[2]

▪ The Court has personal jurisdiction over the GOB under 28 U.S.C. § 1330(b), which provides that personal jurisdiction over a foreign state shall exist for every claim as to which the district court has jurisdiction under 28 U.S.C. § 1330(a) where service has been made pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608. Under FSIA, "subject matter jurisdiction plus service of process equals personal jurisdiction." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 151 (D.C.Cir.1994); *see also Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d 82, 89 (D.C.Cir.2002) (personal jurisdiction over a foreign sovereign is established through 28 U.S.C. § 1330(b)). Newco properly served the notice of suit, summons, complaint, and related documents, and the Clerk of this Court received the return of service on February 6, 2009. *See* Affidavit: Proof of Service as to Foreign Defendant [Dkt. # 8]. Thus, the requirements of personal jurisdiction are met.

▪ As our Circuit recently held in a similar case against the GOB, a court may refuse to enforce an award "only on the grounds set forth in Article V of the [New York] Convention." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 727 (D.C.Cir. 2012) (quoting *TermoRio S.A. E.S.P. v. Electranta S.P.*, 487 F.3d 928, 935 (D.C.Cir.2007)). The GOB raised only one defense under Article V of the New York Convention: that the Award had "not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made," due to the pending litigation in the Supreme Court of Belize. *See* New York Convention, at Art. V(1)(e); Mem. in Supp. of Mot. to Dismiss, at p.15 [Dkt. # 14]; *see also* Minute Order, entered June 30, 2009 (granting stay until final adjudication of action in the Supreme Court of Belize). However, this argument is now moot because, even assuming the Belizean Supreme Court ever had the proper authority to set aside the Award,[3] the Belizean Supreme Court has not, in fact, set aside the arbitral award, but has found the award "well founded." *See* Belizean Supreme Court Decision [Dkt. # 43–3].[4]

---

**2.** "An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States ... shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." 9 U.S.C. § 203.

**3.** That the Belizean Supreme Court ever had authority to set aside or suspend the Award under the New York Convention is suspect because the law under which the "award was made" was United States procedural law, even though the arbitral panel applied Belize substantive law. *See Belize Soc. Dev. Ltd. v.*

*Gov't of Belize*, 668 F.3d at 727 ("The phrase 'under the law of which' in Article V(1)(e), however, refers to the procedural law governing the arbitration, not the substantive law governing the Agreement."). Accordingly, under the New York Convention, only a United States court could have properly set aside or suspended the Award. *See* 9 U.S.C. §§ 9-10.

**4.** The GOB makes numerous other attenuated arguments that the arbitral award should be set aside, *i.e.*, because of procedural deficiencies, comity, *forum non conveniens*, the Panama Convention, and United States public poli-

Accordingly, it is hereby

**ORDERED** that plaintiff's motion to confirm foreign arbitration award and to enter judgment [Dkt. # 43] is **GRANTED**; it is further

**ORDERED** that defendant's motion to dismiss the complaint or stay the action [Dkt. # 14] is **DISMISSED** as moot; it is further

**ORDERED** that judgment shall be entered in favor of Newco Limited and against the Government of Belize pursuant to the arbitral award issued on June 23, 2008, in the amount of $4,420,586.63, plus interest at 8% annually, subject to quarterly compounding, until paid.

**SO ORDERED.**

cy. *See* Def. GOB's Mem. in Opp. to Pl. Newco's Pet. to Confirm Arb. Award [Dkt.

# 44]. However, none of these arguments have merit.