**NEWCO LIMITED, Appellee**

v.

**GOVERNMENT OF BELIZE,**
**Appellant.**

No. 15-7077
September Term, 2015

United States Court of Appeals,
District of Columbia Circuit.

Filed On: May 13, 2016

Jay L. Alexander, Ryan E. Bull, Vernon Anthony A. Cassin, III, Noah Reuben

Mink, Attorney, Baker Botts LLP, Washington, DC, for Plaintiff–Appellee.

Juan C. Basombrio, Dorsey & Whitney LLP, Costa Mesa, CA, Creighton Reid Magid, Esquire, Dorsey & Whitney LLP, Washington, DC, for Defendant–Appellant.

Before: Rogers, Griffith, and Kavanaugh, Circuit Judges.

### *JUDGMENT*

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of the District Court is hereby **AFFIRMED**.

In 2002, Newco Limited signed an agreement with the Government of Belize to operate and develop the country's international airport. Less than a year later, Belize repudiated the agreement. Newco invoked the agreement's arbitration provisions, and an arbitral tribunal in Miami issued an award in Newco's favor for approximately $4.3 million. Belize agreed to pay the award immediately, subject to two conditions. First, Belize insisted on paying the award in Belize dollars rather than in U.S. dollars as required by the agreement. Second, Belize refused to pay Newco without first subtracting any unpaid taxes owed by the company. And according to Belize, Newco owed the Belize treasury approximately $2.7 million.

Newco brought suit to enforce the award in the U.S. District Court for the District of Columbia. Shortly thereafter, Belize brought its own suit in the Belize Supreme Court. Belize obtained an anti-

suit injunction against Newco from the Belize court, and Newco's suit in the District Court was stayed as Newco litigated in Belize. The Belize Supreme Court ultimately agreed with Belize that the country could subtract unpaid taxes and pay the remainder of the award in Belize dollars. Newco refused to agree to those conditions and renewed its effort to enforce the arbitral award in the District Court. Belize moved to dismiss the suit on a variety of grounds, including international comity, public policy, and forum non conveniens. The District Court rejected Belize's arguments and enforced the award. *See Newco Ltd. v. Belize*, No. 08-2010, 156 F.Supp.3d 79, 2015 WL 9810457 (D.D.C. Aug. 7, 2015).

■ We affirm. Under the Federal Arbitration Act, U.S. courts must enforce foreign arbitral awards unless they find "one of the grounds for refusal or deferral of recognition or enforcement of the award specified in" the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517 (1958), also known as the New York Convention. 9 U.S.C § 207. In this case, Belize asks us to deny enforcement on the basis of international comity. Belize argues that the Convention instructs courts to enforce arbitral awards "in accordance with the rules of procedure of the territory" where the enforcement action is brought. New York Convention art. III. But Belize has failed to provide support for its assertion that the doctrine of international comity is a "rule of procedure" of the United States.

■ Belize also claims that the District Court should have refused to enforce the arbitral award based on an alleged public policy interest in international comity. Under the New York Convention, courts may decline to enforce an arbitral award if "enforcement of the award would be con-

trary to the public policy of that country." New York Convention art. V(2)(b). But courts should rely on the public policy exception only "in clear-cut cases" where "enforcement would violate the forum state's most basic notions of morality and justice." *Termorio S.A. E.S.P. v. Electranta S.P.*, 487 F.3d 928, 938 (D.C. Cir. 2007) (citations omitted). In this case, Belize has not shown that enforcement would violate the most basic U.S. notions of morality and justice. By design, the New York Convention allows investors to choose to resolve disputes with states through neutral tribunals in neutral countries. Any public policy interest in "international comity," therefore, does not here override "the emphatic federal policy in favor of arbitral dispute resolution." *Belize Social Development Ltd. v. Belize*, 668 F.3d 724, 727 (D.C. Cir. 2012) (internal quotation mark and citation omitted).

■ Belize contends that the District Court should have dismissed the enforcement action on forum non conveniens grounds. That argument is squarely foreclosed by our precedent. In *TMR Energy Ltd. v. State Property Fund of Ukraine*, 411 F.3d 296 (D.C. Cir. 2005), we held that the doctrine of forum non conveniens does not apply to actions in the United States to enforce arbitral awards against foreign nations. *See id.* at 303–04.

We have carefully considered all of Belize's arguments. We affirm the judgment of the District Court.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.